IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE


RONALD E. PROCTOR, JR.,          )
                                 )
          Plaintiff,             )
                                 )
     v.                          )  Civ. No. 05-133-JJF
                                 )
LT. F. SEACORD, SGT. JOHN        )
DOE, CAPT. C. SEGARS, DEP.       )
WARDEN PEARCE, WARDEN T.         )
CARROLL, COM. OF CORR. S.        )
TAYLOR, BRIAN ENGREM, LAW        )
LIB S/LT., and CPT. F.           )
KROMKA,                          )
                                 )
          Defendants.            )


**ORDER**

     1.  Plaintiff Ronald E. Proctor, Jr., SBI #163750, a
pro se litigant who is presently incarcerated, has filed this
action pursuant to 42 U.S.C. § 1983.

     2.  The plaintiff alleges that since September 7, 2005,
Defendants have violated his constitutional rights under the
Eighth Amendment by being deliberately indifferent to his safety
and placing him in the same unit with two inmates who have
assaulted him.  (D.I. 2 at 3)  The plaintiff further alleges that
he has obtained "no contact orders" against these inmates from
the State Superior Court, and that the Defendants are
deliberately ignoring the orders.  (Id.)

     3.  Under 28 U.S.C. § 1915(g), a prisoner cannot bring

a new civil action or appeal a judgment in a civil action <u>in</u>
<u>forma</u> <u>pauperis</u> if he or she has three or more times in the past,
while incarcerated, brought a civil action or appeal in federal
court that was dismissed because it was frivolous, malicious, or
failed to state a claim upon which relief may be granted.  The
only exception to this is if the prisoner is in imminent danger
of serious physical injury.  A prisoner who is not proceeding <u>in</u>
<u>forma</u> <u>pauperis</u> may file a new civil action or appeal even if that
prisoner has three or more dismissals described in 28 U.S.C.
1915(g).

          4.  Regardless of whether a prisoner proceeds <u>in</u> <u>forma</u>
<u>pauperis</u> in a civil case, if at any time the prisoner's case is
dismissed as frivolous or malicious, or for failure to state a
claim upon which relief may be granted, the dismissal will count
against the prisoner for purposes of the three-dismissal rule in
28 U.S.C. § 1915(g).  In <u>Keener v. Pennsylvania Bd. of Prob. &</u>
<u>Parole</u>, 128 F.3d 143 (3d Cir. 1997), the Court held that
dismissal as frivolous prior to the Prisoner Litigation Reform
Act's enactment count towards the "three strikes" rule.

          5.  Proctor, while incarcerated, has filed at least six
(6) civil actions that have been dismissed as frivolous or for
failure to state a claim upon which relief may be granted.  <u>See</u>
<u>Proctor v. Scott</u>, Civil Action No. 88-415-MMS (<u>dismissed</u> December
12, 1988); <u>Proctor v. Watson</u>, Civil Action No. 88-417-MMS

2

(dismissed December 12, 1988); Proctor v. Haley, Civil Action No.
88-418-MMS (dismissed December 12, 1988); Proctor v. Avanzato,
Civil Action No. 88-420-MMS (dismissed December 12, 1988);
Proctor v. Gaddis, Civil Action No. 88-421-MMS (dismissed
December 12, 1988) and Proctor v. Brasure, Civil Action No. 01-
013-JJF (dismissed January 8, 2001).  Therefore, Proctor may not
file another civil action in forma pauperis while incarcerated
unless he is in "imminent danger of serious physical injury."  28
U.S.C. § 1915(g).  The present complaint does meet that standard.

        6.  Based on the plaintiff's submissions, his request
to proceed in forma pauperis is granted.  Pursuant to 28 U.S.C. §
1915(b), the plaintiff shall be assessed the filing fee of
$250.00.  The Court has determined that the **plaintiff has no
assets and no means to pay the initial partial filing fee,
nevertheless, any money the plaintiff later receives will be
collected in the manner described below.**

        3.  The plaintiff shall, within thirty days from the
date this order is sent, complete and return the attached
authorization form allowing the agency having custody of him to
forward all payments required by 28 U.S.C. § 1915(b)(2) to the
Clerk of the Court.  **FAILURE OF THE PLAINTIFF TO RETURN THE
AUTHORIZATION FORM WITHIN THIRTY DAYS FROM THE DATE THIS ORDER IS
SENT SHALL RESULT IN DISMISSAL OF THIS ACTION.**

        4.  The plaintiff shall be required to make monthly

3

payments of 20 percent (20%) of the preceding month's income credited to the plaintiff's prison trust account and absent further order of the Court, the Warden or other appropriate official at the Delaware Correctional Center, or at any prison at which the plaintiff is or may be incarcerated, shall forward payments from his account to the Clerk of the Court each time the amount in the account exceeds $10.00 until the filing fee is paid. **NOTWITHSTANDING ANY PAYMENT MADE OR REQUIRED, THE COURT SHALL DISMISS THE CASE IF THE COURT DETERMINES THAT THE ACTION IS FRIVOLOUS OR MALICIOUS, FAILS TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED, OR SEEKS MONETARY RELIEF AGAINST A DEFENDANT WHO IS IMMUNE FROM SUCH RELIEF.**

5.   Pursuant to 28 U.S.C. § 1915(g), if plaintiff has had three or more actions dismissed by the Court on the grounds that they were frivolous, malicious, or failed to state a claim upon which relief may be granted, the Court shall deny plaintiff leave to proceed in forma pauperis all future suits filed without prepayment of the filing fee, unless the Court determines that plaintiff is under imminent danger of serious physical injury.

DATED: 4/13/05

_____
United States District Judge

4