IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| RONALD E. PROCTOR, JR., | : |
| | : |
| Plaintiff, | : |
| | : |
| v. | : Civil Action No. 05-133-JJF |
| | : |
| LT. F. SEACORD, et al., | : |
| | : |
| Defendants. | : |

Ronald E. Proctor, Jr., Pro se Plaintiff.

Lisa Barchi, Esquire, Deputy Attorney General, Delaware Department of Justice.
Attorney for Defendants.

**MEMORANDUM OPINION**

June ___, 2006
Wilmington, Delaware

Farnan, District Judge

Presently before the Court is Defendants' Motion to Dismiss/Motion for Summary Judgment (D.I. 18) pursuant to Fed. R. Civ. P. 12(b)(6) and 56(c). For the reasons that follow, the Court will deny Defendants' Motion.

## BACKGROUND

Plaintiff is a *pro se* litigant and an inmate at Sussex Community Correctional Center in Georgetown, Delaware. The events giving rise to the present complaint took place at the Delaware Correctional Center, where he was housed until February 17, 2006. Plaintiff alleges that since January 17, 2002, he has been subjected to numerous incidents of assault because Defendants deliberately ignored the Delaware Superior Court's orders of "no contact" between him and the inmates who allegedly assaulted him. He claims that all of the Defendants, who are Delaware Commissioner of Corrections Stanley Taylor and various officers of the Delaware Correctional Center, were aware of and failed to prevent these assaults in violation of his Eighth Amendment rights.

## DISCUSSION

### I. Standard of Law

Rule 12(b)(6) permits a party to move to dismiss a complaint for failure to state a claim upon which relief may be granted.

1

Fed. R. Civ. P. 12(b)(6). The purpose of a motion to dismiss is to test the sufficiency of a complaint, not to resolve disputed facts or decide the merits of the case. Kost v. Kozakiewicz, 1 F.3d 176, 183 (3d Cir. 1993). To that end, the Court assumes that all factual allegations in Plaintiff's pleading are true, and draws all reasonable factual inferences in the light most favorable to Plaintiff. Amiot v. Kemper Ins. Co., 122 Fed. Appx. 577, 579 (3d Cir. 2004). However, the Court should reject "unsupported allegations," "bald assertions," or "legal conclusions." Id. A Rule 12(b)(6) motion should be granted to dismiss a pro se complaint only when "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Estelle v. Gamble, 429 U.S. 97, 106 (1976) (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)).

**II. Analysis**

Defendants contend that Plaintiff has not stated a claim upon which relief may be granted because Defendants did not violate his Eighth Amendment rights, because Plaintiff fails to "demonstrate" personal involvement, because Defendants are immune from suit in their official capacities, and because Defendants are entitled to qualified immunity. Defendants' brief states

that the Court may treat its Motion to Dismiss as a Motion for Summary Judgment. The Court concludes that Defendants' Motion to Dismiss should be denied, and that summary judgment would be premature at this stage of the proceedings.

    A.  <u>Plaintiff's Eighth Amendment Claims</u>

To state an Eighth Amendment failure-to-protect claim, a plaintiff must allege that defendant prison official "knows of and disregards an excessive risk to inmate health and safety; the official must both be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." <u>Morgan v. Terhune</u>, 164 Fed. Appx. 213, 215 (3d Cir. 2005) (quoting <u>Farmer v. Brennan</u>, 511 U.S. 825, 827 (1994)). The three elements of a failure-to-protect claim, therefore, are "(1) a substantial risk of serious harm; (2) the defendants' deliberate indifference to that risk; and (3) causation." <u>Hamilton v. Leavy</u>, 117 F.3d 742 (3d Cir. 1997).

Plaintiff alleges that a substantial risk of harm to him existed, that Defendants were aware of it, and that they failed to act to alleviate it. He alleges the existence of two state court "no contact" orders that were to prevent him from having any contact with the inmates who assaulted him, and that

3

Defendants were aware of this as well. (D.I. 2 at 5.) He alleges that he was nonetheless put in the same unit as these inmates. (Id. at 6.) He further alleges that he personally told at least one of the Defendants about the situation (Id. at 7) and that he filed numerous grievances on the subject, all to no avail. (Id. at 4.) He claims to have been assaulted numerous times as a result, suffering personal injuries and emotional distress. (Id.)

Defendants argue that Plaintiff's complaint fails to "provide any evidence" regarding the details of his claim, (D.I. 19 at 7), that he has "fail[ed] to show" knowledge on the part of the defendants or a substantial risk of serious harm (Id. At 9), and that, in fact, there was "no risk to Plaintiff." (Id.) On a Motion to Dismiss, however, the Court does not weigh the evidence to "resolve disputed facts"; the purpose of the Motion is "to test the sufficiency of the complaint." Kost, 1 F.3d at 183. The relevant question is not whether Plaintiff has presented enough evidence to prevail in the litigation, but simply whether "the facts alleged in the complaint, even if true, fail to support the claim." Id. (quoting Ransom v. Marazzo, 848 F.2d 398, 401 (3d Cir. 1988)).

Defendants do not present any arguments regarding the sufficiency of Plaintiff's allegations, except to say that they are "vague." (D.I. 18 at 9.) While the Court need not accept "unsupported allegations" or "bald assertions," Amiot, 122 Fed. Appx. at 579, the Court concludes that Plaintiff is not merely making bald assertions, and that his allegations are not unsupported for the purposes of a Motion to Dismiss. The allegation that "no contact" court orders exist and have been disregarded despite being brought to Defendants' attention provides sufficient support for Plaintiff's Eighth Amendment claim.

Defendants begin to argue that "Plaintiff's complaint fails to allege any specific fact demonstrating personal involvement by the Defendants in the constitutional violations raised in the Plaintiff's complaint," (D.I. 19 at 9), but then immediately concede that "Plaintiff has alleged, yet failed to demonstrate that any of the [D]efendants were personally involved . . . ." (Id.) There is no heightened pleading requirement mandating that Plaintiff somehow "demonstrate" Defendants' personal involvement in his complaint. As for Defendants' assertion that Plaintiff does not identify "how [Defendants] participated in, personally directed, or acquiesced in the events" in question, the Court

5

notes that Plaintiff specifically alleges that Defendants were aware of the "no contact" court orders and ignored them. (D.I. 2 at 4.) Additionally, Plaintiff recounts a specific incident when he told one of the Defendants about the orders. (Id. At 6.) That is a sufficient allegation of personal involvement and deliberate indifference.

B.  Defendants' Eleventh Amendment Sovereign Immunity

Defendants contend that "Plaintiff's Complaint (D.I. 2) names Defendants in their official capacities," and that the doctrine of sovereign immunity protects Defendants from such a lawsuit. (D.I. 19 at 10.) However, Plaintiff's Complaint does not limit his claims to Defendants in their official capacities. Therefore, construing Plaintiff's pro se complaint liberally, the Court concludes that Plaintiff seeks relief against Defendants in their individual capacities and thus, Defendants are not entitled to Eleventh Amendment immunity.[1]

C.  Defendants' Qualified Immunity

Defendants assert that they are protected from civil liability by the doctrine of qualified immunity. Government officials are entitled to qualified immunity as long as they do

---

[1] Plaintiff's Complaint does ask for relief in the form of "[$]1.5 million from the State of Delaware." (D.I. 2 at 9.) However, the State of Delaware is not named as a Defendant, and there is therefore no claim to dismiss with regard to the State.

6

not "violate clearly established statutory or Constitutional rights of which a reasonable person would have known." Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982). Once a Constitutional violation can be established, the relevant question becomes whether reasonable officials in the defendants' positions could have believed their conduct to be lawful. Bounds v. Taylor, 77 Fed. Appx. 99, 105 (3d Cir. 2003).

The duty of corrections officers to protect inmates from assault is well-established. See, e.g. Farmer, 511 U.S. at 832 ("[Prison] officials... must take reasonable measures to guarantee the safety of their inmates."). Furthermore, reasonable officials could not have believed that an action contravening a court order was lawful. Even if Defendants were not initially aware of the existence of "no contact" orders for Plaintiff and his alleged assailants, Plaintiff claims that he filed several grievances and took other steps to inform Defendants. Accordingly, the Court concludes that Defendants are not entitled to qualified immunity.

D. Defendants' Motion for Summary Judgment

Much of Defendants' brief involves relating factual contentions countering allegations in the Plaintiff's complaint, supported by references to matters outside the pleadings. To

7

that end, Defendants state that "the Court may treat [their] Motion to Dismiss as one for summary judgment." (D.I. 19 at 1.) Defendants argue, inter alia, that their examination of the prison records indicates that one of the "no contact" orders does not exist (Id. at 6), and that no altercations ever took place between Plaintiffs and his alleged assailants. (Id. At 8.) While the Supreme Court has expressed the concern that "insubstantial claims" against government officials be resolved on summary judgment prior to discovery, the practice is generally limited to instances when qualified immunity is the dispositive issue. See Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982) (holding that until the threshold question of qualified immunity is resolved, discovery should not be allowed). The Supreme Court later declined to establish a higher pleading standard for issues separate from the qualified immunity defense to reduce the availability of discovery in suits against government officials. Crawford-El v. Britton, 523 U.S. 574, 595 (1998).

   Because the qualified immunity issue is for the moment resolved, the Court declines to grant summary judgment before giving Plaintiff an opportunity to take discovery. The Court concludes that the disparities between the contentions in Plaintiff's Complaint and Defendants' Motion present disputes of

material fact. Thus, the Court will treat Defendants' Motion exclusively as a Motion to Dismiss.

## CONCLUSION

For the reasons discussed, the Court will deny Defendants' Motion to Dismiss.

An appropriate order will be entered.

9