# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| RONALD PROCTOR, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 05-133-JJF |
| | ) | |
| STANLEY TAYLOR, | ) | |
| THOMAS CARROLL, DAVID PIERCE, | ) | |
| THOMAS SEACORD, | ) | |
| FRANCIS KROMKA, and | ) | |
| BRIAN ENGREM | ) | |
| | ) | |
| Defendants. | ) | |

## DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL

COME NOW, Defendants Stanley Taylor, Thomas Carroll, David Pierce, Thomas Seacord, Francis Kromka and Brian Engram, by and through undersigned counsel, Deputy Attorney General Lisa Barchi, and move this Honorable Court to deny Plaintiff's request for appointment of counsel. In furtherance of their motion, the Defendants represent as follows:

1.      Ronald Proctor ("Plaintiff" or "Proctor") is an inmate housed within the Delaware Correctional system at the Sussex Correctional Institution ("SCI") located in Georgetown, Delaware.

2.      Plaintiff filed his complaint on February 28, 2005. (D.I. 1). On March 15, 2006, Defendants filed a motion to dismiss and a memorandum of points and authorities in support of their motion. (D.I. 18 and 19). Plaintiff never filed an answer. The motion to dismiss was denied by this Court on June 22, 2006. (D.I. 21). A Rule 16 scheduling order was filed on June 27, 2006. (D.I. 22). Defendants filed their initial disclosures on July 7, 2006, as ordered in the Rule 16 scheduling order. (D.I. 24). Defendants filed their answer to the complaint on July 19,

2006.  (D.I. 28).

3.    In support of his motion for appointment of counsel, Plaintiff enumerates the following:  1) information that he requires to support his claim is being denied to him because the files he has concerning this case are located at his victim's residence and he cannot get access to them; and 2) he is being denied access to pens and paper.  Each of the factors set forth in Plaintiff's Motion for Appointment of Counsel are present to some degree in any civil case filed by an incarcerated plaintiff.

4.    *Pro se* litigants proceeding *in forma pauperis* have no constitutional or statutory right to appointed counsel.  (*See  Smith-Bey v. Petsock*, 741 F. 2d 22, 25 (3d Cir. 1984)).  It is solely within the Court's discretion to appoint counsel for the plaintiff; however, such an appointment is "usually only granted upon a showing of special circumstances indicating a likelihood of substantial prejudice to him resulting... from his probable inability without such assistance to present the facts and legal issues to the court in a complex, arguably meritorious case."  *Id* at 26, *accord, Pierce v. Vaughn*, C.A.No. 92-3040, 1992 WL 210122 (E.D.P.A. Aug. 21, 1992); *Robinson v. Barone,* C.A. No. 92-1854, 1992 WL 236869 (E.D.P.A. Sept. 15, 1992). (*See* attached)  The factors appropriately considered in deciding whether an appointment of counsel is warranted include the arguable merit of the plaintiff's claim, plaintiff's ability to present his case, the difficulty of the particular issues, the degree to which factual investigation will be required and the plaintiff's ability to pursue such investigation, the likelihood that witnesses' credibility will be key issue, and the need for expert testimony.  *Tabron v. Grace*, 6 F.3d 147, 155-56 (3d Cir. 1993), *cert. denied,* 114 S. Ct. 1306 (1994).

5.    This suit is based on Plaintiff's allegations that his civil liberties were violated when he was cap-stun was used when he repeatedly refused to obey an order by a correctional

officer.

6.    The number of documents he filed as exhibits to the instant motion belies Proctor's claim that he does not have access to his legal paperwork and files. Plaintiff's focuses on his claim that he is being denied his legal files either because they are at the residence of his victim, or in the alternative, he is not allowed to have all of his files in his cell per the prison rules.   However, Plaintiff has been incarcerated in several institutions in Delaware over the course of his life, and he is aware that due to limited space in the cells, inmates are not allowed to have in their cells any cases other than those they are currently litigating.  (*See* Affidavit of Melvin Hennessy, attached as Exhibit "A").    This is true for *any* inmate litigating cases. Therefore, Plaintiff's situation is similar to other inmates who are *pro se* litigants.   As to his claim that his legal files are at his victim's residence, Plaintiff can ask a friend or family member not covered by the PFA to attempt to obtain his property.   Further, Plaintiff claims that an attorney could obtain the files for him.   However, there is no guarantee that an appointed attorney would have any more luck obtaining the files than anyone else.    Thus, Plaintiff has shown no special circumstances exist with regard to his legal files.

7.    Plaintiff claims that he was denied access to the law library and failed to file an appeal to the Delaware Supreme Court on time.  (*See* grievance attached to Plaintiff's Exhibit "A" and letter from the Delaware Supreme Court dated July 5, 2006, attached to Plaintiff's exhibit A). The brief in the appeal Plaintiff refers to was to be filed on May 8, 2006, approximately one month before Plaintiff's most recent arrest.   Plaintiff has only himself to blame if the brief in that appeal was not filed on time.   When he was not incarcerated he presumably had access to any paperwork he needed.   Plaintiff's lack of due diligence while he was free does not create the special circumstances that require appointment of counsel.

8.    Plaintiff has stated the facts of his case in a relatively clear manner.  The factual and legal issues in this case are not complex. This case is straightforward.  At this time Plaintiff has demonstrated that he is fully capable of litigating this lawsuit, as evidenced by the motions he has filed, along with the many other lawsuits he has filed in this Court and other courts in the state.

9.    Plaintiff has not been denied access to the law library at the Sussex Correctional Institution.   A review of the law library log for Plaintiff shows that he has had twelve appointments at the law library and has been provided with 472 copies since June 19, 2006.  (*See* law library log[1], attached as Exhibit "B").  He has also received pens and paper according to the same rules that other inmates follow.  (*See* Affidavit of Judy Lederman, attached as Exhibit "C").

Plaintiff has failed to allege how his current circumstances differ from any other *pro se* litigant who is incarcerated.  In addition, Plaintiff is an experienced litigant, having filed numerous lawsuits in a variety of courts. Plaintiff has been able to avail himself of the services he needs in order to pursue this lawsuit.  He has stated his claims in a fairly clear manner in a case that is neither factually or legally complex.

10.    As to Plaintiff's need to stay the proceedings, there is no need for a stay.  Plaintiff has adequate time and resources to proceed with this lawsuit.

11.    Plaintiff does not meet the requirements for the imposition of a temporary restraining order or preliminary injunction.  Plaintiff must demonstrate the following: 1) likely success on the merits; 2) whether the moving party will be irreparably harmed by the denial of relief; 3) whether granting the requested relief will cause even greater harm to the non-moving party; and 4) whether granting the relief is in the public interest.  *Shields v. Zuccarini*, 254 F.3d

---

[1] In the photocopy history the designation "O" next to a document means that Proctor was given an original form. The letter "F" means that the items were mailed to the court for filing.

476, 482 (3rd Cir. 2001). Further, "an injunction may not be used simply to eliminate a possibility of a remote future injury, or a future invasion of right." *Continental Group, Inc. v. Amoco Chems. Corp.*, 614 F.2d 351, 359 (3rd Cir. 1980). Further, "[t]the relevant inquiry is whether the movant is in danger of suffering irreparable harm at the time the preliminary injunction is to be issued." *SI. Handling Systems, Inc. v. Heisley*, 753 F.2d 1244, 1264 (3rd Cir. 1985). Plaintiff speculates about being classified to DCC. Proctor wants and injunction to prevent alleged harm in the future, that is purely speculative. Further, "[t]he decision where to house inmates is at the core of prison administrators' expertise." *McKune v. Lile*, 536 U.S. 24, 26 (2002)(*citing Meachum v. Fano*, 427 U.S. 215, 225 (1976)). If Proctor is transferred to DCC at some time in the future, it will be after he has been classified to that institution by the Sussex Correctional Institution ("SCI"). SCI is not part of this lawsuit. Because the future, transfer is purely speculative on the part of Proctor, and would be completed by an institution that is not part of this lawsuit, he cannot demonstrate a retaliatory nexus. Therefore, a TRO is not appropriate, as Proctor cannot demonstrate the he is likely to succeed with a claim of retaliation.

       **WHEREFORE**, for the reasons stated above, Defendants respectfully request that this Honorable Court deny the Plaintiff's Motion for appointment of counsel.

                               **STATE OF DELAWARE**
                               **DEPARTMENT OF JUSTICE**

                               /s/ Lisa Barchi
                               Deputy Attorney General
                               Department of Justice
                               820 N. French Street, 6th floor
                               Wilmington, DE 19801
                               (302) 577-8400

Date: August 4, 2006                lisa.barchi@state.de.us

## CERTIFICATE OF SERVICE

I hereby certify that on August 4, 2006, I electronically filed *Defendants' Opposition to Plaintiff's Motion for Appointment of Counsel* with the Clerk of Court using CM/ECF.  I hereby certify that on August 4,  2006, I have mailed by United States Postal Service, the document to the following non-registered participants:

      Ronald Proctor
      SBI # 163750
      Sussex Correctional Institution
      P.O. Box 500
      Georgetown, DE 19947

                 **STATE OF DELAWARE**
                 **DEPARTMENT OF JUSTICE**

                 /s/ Lisa Barchi
                 Lisa Barchi  I.D. No. 3927
                 Deputy Attorney General
                 Department of Justice
                 820 N. French Street, 6th Floor
                 Wilmington, DE 19801
                 (302) 577-8400
                 lisa.barchi@state.de.us