IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

RONALD E. PROCTOR, JR.,         :
                                :
        Plaintiff,              :
                                :
    v.                          :   Civil Action No. 05-133-JJF
                                :
STANLEY TAYLOR, et al.,         :
                                :
        Defendants.             :

### MEMORANDUM ORDER

Pending before the Court is Plaintiff's Motion For Appointment of Counsel, Motion For Stay Of Proceedings, and Motion For Temporary Restraining Order (D.I. 25). For the reasons discussed, the Motions will be denied.

I.   BACKGROUND

Plaintiff is a pro se litigant and an inmate at Sussex Correctional Institution ("SCI") in Georgetown, Delaware. The events giving rise to Plaintiff's Complaint took place at the Delaware Correctional Center ("DCC"), where he was housed until February 17, 2006. Plaintiff alleges that since January 1, 2002, he has been subjected to numerous incidents of assault because Defendants deliberately ignored the Delaware Superior Court's orders of "no contact" between him and the inmates who allegedly assaulted him. Plaintiff further alleges that all of the Defendants were aware of and failed to prevent these assaults in violation of his Eighth Amendment rights.

II.  DISCUSSION

    A.  <u>Motion For Appointment Of Counsel</u>

By his Motion, Plaintiff contends he is indigent and requires the assistance of a court-appointed attorney. Specifically, Plaintiff contends that he is denied access to the law library and pens and paper and, without an attorney, he is unable to access information needed to support his claim because the information is at the victim's residence.

Indigent civil litigants possess neither a constitutional nor a statutory right to appointed counsel. <u>Parham v. Johnson</u>, 126 F.3d 454, 456-57 (3d Cir. 1997). Nonetheless, district courts have statutory authority to appoint counsel for indigent civil litigants at any time during the litigation. 28 U.S.C. § 1915(e)(1) (providing that "[t]he court may request an attorney to represent any person unable to afford counsel"); <u>Montgomery v. Pinchak</u>, 294 F.3d 492, 504 (3d Cir. 2002).

Section 1915 affords district courts broad discretion in determining whether appointment of counsel in a civil case is appropriate. <u>Tabron v. Grace</u>, 6 F.3d 147, 153 (3d Cir. 1993). In <u>Tabron</u>, the United States Court of Appeals for the Third Circuit developed a list of criteria to aid district courts in weighing whether to request an attorney to represent an indigent civil litigant. As a threshold matter, the Court must assess whether the claimant's case has some arguable merit in fact and

law.  Id. at 155.  If a claimant overcomes this initial hurdle, the Court may then consider the following non-exhaustive list of factors:

> 1. the plaintiff's ability to present his or her own case;
>
> 2. the difficulty of the particular legal issues;
>
> 3. the degree to which factual investigation will be necessary and the ability of the plaintiff to pursue investigation;
>
> 4. the plaintiff's capacity to retain counsel on his or her own behalf;
>
> 5. the extent to which a case is likely to turn on credibility determinations; and
>
> 6. whether the case will require testimony from expert witnesses.

Id. at 155-57.

When considering a request for counsel, courts must keep in mind,

> [the] significant practical restraints on the district courts' ability to appoint counsel, including the ever-growing number of prisoner civil rights actions filed each year in the federal courts; the lack of funding to pay appointed counsel; and the limited supply of competent lawyers who are willing to undertake such representation without compensation.

Montgomery, 294 F.3d at 505 (quoting Tabron, 6 F.3d at 156) (internal quotation marks and citations omitted).

3

Keeping in mind the practical considerations cited above and exercising the broad discretion offered the Court under Section 1915(e)(1), the Court concludes that the appointment of counsel is not warranted at this time. Arguably, Plaintiff has a claim for relief under the Eighth Amendment. However, Plaintiff has demonstrated an ability to present his own case by making several filings in this case and others. Additionally, while presumably lacking legal training, Plaintiff is literate and has demonstrated knowledge of the legal system. Accordingly, the Court will deny Plaintiff's Motion For Appointment Of Counsel.

B.  Motion For Stay Of Proceedings

By his Motion, Plaintiff contends he cannot participate in the discovery process without access to his legal files. Plaintiff contends the SCI is withholding the files. The decision to grant or deny a stay is within the court's broad discretion. Bechtel Corp. v. Laborers' Int'l Union, 544 F.2d 1207, 1215 (3d Cir. 1976). In determining whether a stay is appropriate, a court should "weigh the competing interests of the parties and attempt to maintain an even balance." Dentsply Int'l Inc. v. Kerr Mfg. Co., 734 F.Supp. 656, 658 (D. Del. 1990). In weighing the interests involved, courts are generally guided by such factors as (1) whether a stay will simplify the issues raised by the parties; (2) whether discovery is complete and a trial date has been set; and (3) whether a stay would unduly

prejudice the non-movant. Gioello Enters. Ltd. v. Mattel, Inc., 2001 WL 125340 (D. Del. Jan. 29, 2001); United Sweetener USA, Inc. v. Nutrasweet Co., 766 F.Supp. 212, 217 (D. Del. 1991). In balancing these factors, courts must be particularly mindful of the consequences of the stay on the other parties. Dentsply Int'l Inc., 734 F.Supp. at 658.

The Court concludes that a stay is inappropriate at this time. Upon review of the pleadings filed as well as the affidavits from SCI employees explaining SCI procedures with respect to inmates' access to legal files and legal information (D.I. 33, Ex. A, C), the Court finds that Plaintiff has not shown that a stay is warranted.

    C.    Motion For Temporary Restraining Order

Plaintiff contends that there is a possibility he will be transferred to the Delaware Correctional Center in retaliation for the present lawsuit which would place him in imminent danger. When considering a motion for a temporary restraining order or preliminary injunction, the Court determines: 1) the likelihood of success on the merits; 2) the extent to which the Plaintiff is being irreparably harmed by the conduct complained of; 3) the balancing of the hardships to the respective parties; and 4) the public interest. Kos Pharmaceuticals, Inc. v. Andrx Corp., 369 F.3d 700, 708 (3d. Cir. 2004). "Preliminary injunction is 'an extraordinary remedy' and 'should be granted only in limited

circumstances.'" Id. Further, speculative injury does not equate with irreparable harm. Adams v. Freedom Forge Corp., 204 F.3d 475, 488 (3d Cir. 2000). The Court concludes that Plaintiff has failed to meet the second prong necessary for the imposition of injunctive relief. Specifically, Plaintiff has not demonstrated that he has already been or will be classified to the DCC. Thus, at this juncture, the Court concludes that the harm Plaintiff fears is speculative. Accordingly, the Court will deny the Motion For Temporary Restraining Order.

NOW THEREFORE, IT IS HEREBY ORDERED that Plaintiff's Motion For Appointment Of Counsel, Motion For Stay, and Motion For Temporary Restraining Order (D.I. 25) is **DENIED** without prejudice to renew.

March 22, 2007

*Joseph J. Farnan Jr.*
UNITED STATES DISTRICT JUDGE