# EXHIBIT A

(Rev. 4/97)

FORM TO BE USED BY A PRISONER IN FILING A COMPLAINT
UNDER THE CIVIL RIGHTS ACT, 42 U.S.C. §1983

*Served 1/31/06*
*To: R. Hubbard*
*KDB*

UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

Ronald E. Prestpate.
(Enter above the full name of the plaintiff in this action)

*To: Ophelia W.*
*Rush*
*1/31/06*

V.

Lt. F. Seecord etal.,
Sgt. John Doe
Capt. C. Seears

C.A. No. 05-133 JJF

*To: Lisa*
*Belt*
*on*

(Enter above the full name of the defendant(s) in this action
Dep. Warden Pearce
Warden T. Carroll
Com. of Corr. S. Taylor
Brian Engrem by Jib Sim.
Capt. F. Koomka.

IMMINANT DANGER
EXCEPTIONS) (CASE

AMENDED *
8-24-05

I.    Previous lawsuits

A.    Have you begun other lawsuits in state or federal courts dealing with the
same facts involved in this action or otherwise relating to your imprisonment?
YES [✓]      NO [ ]

B.    If your answer to A is yes, describe the lawsuit in the space below. (If there
is more than one lawsuit, describe the additional lawsuits on another piece of
paper, using the same outline).

1.    Parties to this previous lawsuit

Plaintiffs  Numerous

Defendants  Numerous

* To Include New Allegations As Exhibit "A"-1

2.    Court (if federal court, name the district; if state court, name the county)

_Del. 3rd Cir._

3.    Docket number _Pending Numerous_

4.    Name of judge to whom case was assigned _Numerous_

5.    Disposition (for example: Was the case dismissed?  Was it appealed?
Is it still pending?) _Numerous_

6.    Approximate date of filing lawsuit _N/A   Numerous_

7.    Approximate date of disposition _N/A   Numerous_

II.    A.    Is there a prisoner grievance procedure in this institution?  Yes [✓]  No [ ]

B.    Did you present the facts relating to your complaint in the state prisoner
grievance procedure?  Yes [✓]  No [ ]

C.    If your answer is YES,

1.    What steps did you take? _No Answer_

2.    What was the result? _No Reply_

D.    If your answer is NO, explain why not _N/A_

E.    If there is no prison grievance procedure in the institution, did you complain to
prison authorities?  Yes [✓]  No [ ]

F.    If your answer is YES,

1.    What steps did you take? _Reported To Defendants_
_Filed Affidavits / Grievances / Issues_

2.    What was the result? _Nothing._

III.    Parties

(In item A below, place your name in the first blank and place your present address
in the second blank. Do the same for additional plaintiffs, if any.)

A.    Name of Plaintiff  KENAH E. PERTURTE #00163750

Address  1181 Paddock Rd Smyrt De 19997 SHU

(In item B below, place the full name of the defendant in the first blank, his official
position in the second blank, and his place of employment in the third blank. Use
item C for the names, positions, and place of employment of any additional defendants.)

B.    Defendant  T. T. Seacord  is employed as  Build T.
SHU DCC-Smy at  1181 Paddock Rd Smy De 1997

C.    Additional Defendants  All Addition list in Heading
Employed At DCC-Smy Add.*

_____

_____

IV.    Statement of Claim

(State here as briefly as possible the facts of your case. Describe how each defendant
is involved. Include also the names of other persons involved, dates, and places.
Do not give any legal arguments or cite any cases or statutes. If you intend to allege
a number of related claims, number and set forth each claim in a separate paragraph.
Use as much space as you need. Attach extra sheet if necessary.)

On AND Since 1-17-02 AND Most Resient Sinc
9-7-05* I have been Subjefted to Imminant Danger Incid
-ents in direct Violation of Superior Cours No Contat
orders of Jim Robert. Ashley And Wayne Thomas Who
Both have Assuatted be during These Time Preiods

* With The Exception of Gram Sian Taylor 245 McKee R.
Dare De 1990

* Ambuzted See Exla "8-24-05"

All Defendants have become aware of and failed to act or prevent incidents of assault against my person by the direct failure to prevent act etc. Even after numerous grievances, affidavits* etc. (See Exhibit "A"). The underlining bases of these allegation are contained in the record Res Ispijicairi De Novo and Superior Court (Court order(s) Santaree order(s)) to show failure to act or prevent.

Plaintiff has as a result of these documented incidents incurred personal injuries, emotional distress, premilary loss of personal property and loss of consortium and ability to protect his person. To everyday acts of spit, shit, piss, burning on cell steal throughout nights, mental anguish etc. (All documented in Psy. Services.)

(2)

* Dates time periods exhibits have been attached here to show an on-going pattern of denial to act. Dates and filings can be establish through Discovery and Interrogatories. Subpoenas of JIm Records and Grievance Records.

February 10, 2005

S/L Rizzulli Via E. Burris
SHU DCC-Smy.

Re: Imminent Danger And Violations of (Curts orders)

Dear Rizzulli:

Sgt. Gulley, Lt. F. Seacord; Capt C. Seeres; Jupiwitti IA. And IA./Div. Joey McGuggin And Now You, Betty, ALL Are Aware That.

1.) I/m Wayne Thomas Should of Never been 'Qu' into SHU Buld #19. As he has A Court order of 'No' Contact With Me. This was from An Assault Case Against him At MRCF in 1997. I Attempted To Contact The Court But You Fool Brian Engram Took The Letter. (Grieu. Filed.)

2.) Both I/m Thomas And Robert Ashley Have No Contact orders. And Last Year I Was Removed from Buld #17 Where They Were Housed (Both In Buld #17) Me in Buld #19. (Per Joey McGuggin) 'Just' Ask Clyde Seeres. or Seacord!

3.) The Computer Only Has DCC-Smyrna 'No' Contacts., My 'No' Contacts on Thomas Came At MRCF. And His Sentencing order!

Exhibit "A"

#SCI(K)
Jt. Seacord et al.,                    2-10-05                    Sbt (Kissell) Vin E. Beeis

4.) No Contact order and "direct" attempted
assault order on Cadet Ashley - (against me)
When, I did disclose to Capt George Martins
IA, Jerey McGuigian and Det Morris DSO. (I
have Transcript of Statement/Interview 10-12-96)
I disclosed the Whereabouts of the Weapon used
to kill the I/m in old max! Via: Mr.Gff, I stated

       "He would Get the Weapon Where it
          Could be Recovered

                 Again"

    The Weapon, was found. In a box, That was
Held as Property!

    Capt. J. Belanger and Lt. M. Welcome and as
Capt. C. Segers Put me into 18(c) Isulation from
Bld #17 As I was discovered Someone Put
me in Same Unit as I/m Thomas and I/m Ashley Bld#17
And I was moved Per J. McGuigian To Bld #19
on 9-7-05 I/m Wayne Thomas was Put into
Acui Next to me. Lt. L. Seacord was told

                    (2)

#Josik    2-1005    Sgt Rispoli
Lt. F. Seacord etal.    via S. Rocca

That moment No Contact order Prevented his Placement in Some Building As me! Sduz Duz Lt. F. Seacord Said....

It don't Matter You wont have, have any Contact W/him. So go pack in . . . . . . .

Sgt/Lt. I filed An Affidavit on Incident And Since 9-7-05 I have Been Subjected to:

*1.) Direct Threats of Serious Bodily Injury By I/m Thomas iN The Presence of Sgt. Conley

*2.) Direct Piss And Shit Incidents Reported by Me To Staff Sgt. Conley Sgt Thomas IA. Richardson And Grievance To C. Burris.

3.) Direct And Numerious Incidents of 1.) And 2)

I do hereby Request That The DCC-Smyrna Computer Show "NO" Contact order(s) And I/m Wayne Thomas Is Removed From Bldg #19. Back to Bldg.

(3)

*These Incidents of Threats Are Well Known, Documented And on-going Now Since 9-7-05.

#17. I Am filing A MANdamus in Superior Court AND A N2USC.§1983 W/ Emer. Injur. order to Show.

1.) Prior Knowledge of "Imminent Danger" (Court orders respondent Superior)

2.) Retaliatory Nexus of Cpl's Trailer (Shone) Cpl Peeters Cpl Kitchans For Retaliatory Acts AND false disciplinary Reports for Reporting Imminent Danger Incidents To E. Burris.

3.) Failure To Protect or Prevent Incidents (Total 25 Since 9-7-04)

4.) Failure To document Incidents Against my Person.

I will file All on or before 2-15-05 AND Proceed Against All State entities Who have Acted out-Side Their Job Performance Requirements* Thankyou for Your Time in The Manner Herein!

Sincerely Yours,

X _____ Date:
F/m Ronald E Jackson Jr
SDI 163250 19 Dec 2 51
115 Oakdock Rd
Smyrna, De 19977

* 10 Del.C. §4001-4010

SUPERIOR COURT CIVIL CASE INFORMATION STATEMENT (CIS)

COUNTY: NEW CASTLE ☑  KENT ☑  SUSSEX ☐

Civil Action Number: OSM-04-019 CIS

Civil Case Code: MMMAN

Civil Case Type: MANDAMUS / 42USC1983

(SEE PAGE TWO FOR CIVIL CASE CODE & CIVIL CASE TYPE)

---

Caption:

Ronald E. Proctor Jr.
Petitioner
-vs-
Commissioner of Corrections
Stanley Taylor et al., Deputy
Warden E. Burris, J.T.F. Seaford
Sgt. John Doe; Cpl Kitchens; Records
Supervisor Rebecca McBride

Name and Status of Party filing document:
Petitioner

Document Type: (e.g., COMPLAINT; ANSWER WITH COUNTERCLAIM)
Complaint TRO.

Non-Arbitration ☑     eFile ☐

(CERTIFICATE OF VALUE MAY BE REQUIRED)

Arbitration ☐   Mediation ☐   Neutral Assessment ☐

DEFENDANT (CHECK ONE)  ACCEPT ☐   REJECT ☐

JURY DEMAND  YES ☑   No ☐

TRACK ASSIGNMENT REQUESTED (CHECK ONE)

EXPEDITED ☑   STANDARD ☐   COMPLEX ☐

---

ATTORNEY NAME(S):
Ronald E. Proctor Jr. Pro Se

ATTORNEY ID(S):
1181 Paddock Rd

FIRM NAME:
Smyrna, Delaware

ADDRESS:
19977-9611

TELEPHONE NUMBER:
N/A

FAX NUMBER:
N/A

E-MAIL ADDRESS:
N/A

IDENTIFY ANY RELATED CASES NOW PENDING IN THE SUPERIOR COURT BY CAPTION AND CIVIL ACTION NUMBER INCLUDING JUDGE'S INITIALS

NONE.

EXPLAIN THE RELATIONSHIP(S):

N/A

OTHER UNUSUAL ISSUES THAT AFFECT CASE MANAGEMENT:

Imminent Danger Exceptions To 11 Del C§§8801-8805 * Violations of Criminal Statutes, Personal Injury

(IF ADDITIONAL SPACE IS NEEDED, PLEASE ATTACH PAGE.)

---

THE PROTHONOTARY WILL NOT PROCESS THE COMPLAINT, ANSWER, OR FIRST RESPONSIVE PLEADING IN THIS MATTER FOR SERVICE UNTIL THE CASE INFORMATION STATEMENT (CIS) IS FILED. THE FAILURE TO FILE THE CIS AND HAVE THE PLEADING PROCESSED FOR SERVICE MAY RESULT IN THE DISMISSAL OF THE COMPLAINT OR MAY RESULT IN THE ANSWER OR FIRST RESPONSIVE PLEADING BEING STRICKEN.

Revised 9.17.03

* Certifications Attached As Exhibit
Exhibit "A"-1

IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

IN AND FOR NEW CASTLE COUNTY

PRAECIPE

Ronald E Proctor Jr
Petitioner

)
)
)
)
)

vs.

)
)

Civil Action No.

)
)

J. Taylor Comm of
Corr, ET AL.

)
)
)
)
)
)
)

Please issue Service upon All Defendants.

* 1.) S. Taylor
  2.) E. Burris
  3.) H.T. Safcord
  4.) Sgt John Doe
  5.) C.W. Etchans
  6.) Rebecca McBride

All are at: 1181 Paddock Rd
Snyrn. DE 19977

Plaintiff Ronald E Proctor Jr.

Address 1181 Paddock Rd
Snry, DE 19977

Phone _____

TO:   Prothonotary

* With Exception of S. Taylor who is a 245 McKee Rd
Dover, DE 19904

In The Superior Court of The State of Delaware

In And For New Castle County

Ronald E. Proctor Jr.,
                    Petitioner,

        V.

Stanley Taylor,
Commissioner of Corrections;
E. Burris Deputy Warden;
Stan Belt Jr. F. Sefford;
Sgt. John Doe (of 9-7-04);
C/o Kitchens;
Rebecca McBride Records Spec.,
                    Defendants.

Civil Action No. _____

Class Certification
Jury Trial Demand
Imminent Danger Except
Personal Injury

## Petition For Writ of Mandamus

Comes Now, Petitioner Ronald E. Proctor Jr.,
(Prose., Hereinafter "Proctor") Petitions This Court
for An order directing (Defendants) towards
Disobedience Resistance to Process Injunction
or Mandate(s), Issued, in (Court Order(s) for "No"
Contact Provisionals That Have Caused Proctor
Imminent Danger And Personal Injury And At
All Times Defendants Acted out-side their Job

Performance Required Policy And Procedures And State Laws in Preventing or Protecting Proctor from Personal Injury And Current Imminent Danger That Would Therefore Show:

1.) Since January 17, 2002 Petitioner has been Subject to daily Assaults etc ( See Exhibit "A" Complaint in U.S. District Court ) Proctor Was Illegally Transferred from JCI. Inst. To DCC. SHU Were All No Contact Persons Named hereinUnder Work or Are Housed.

2.) At All Times herein Proctor has been forced Into Areas Where The No Contact Persons Are And As A direct Result Thereof Proctor has been 'Assualted' And "Threats of Death Knowned" by All defendants hereinUnder And 'No' Action To Stop Incidents.

3.) Proctor Is Now under Imminent Danger As of September 7, 2004 Placement Into SHU Cell 19 DU2 Next To* Inmate Wayne Thomas AKA "Disco"'s WKD has An Active Court Order 'Not' To have 'Any' Contact With Proctor based upon An Assualt Criminal Conviction had In Superior Court New

(2)

* This I/m Is In SHU 19 DU1 (feet Away out In Rec. Areas) WPro -ctor.. Who has Threw Shit, Piss At Proxtur And made direct Threats of fucking You up Real Bad in Presence of Def. Kitchens And Sgt. Conlei

Castle County In A Criminal Action Sentencing Order Contained At All Times In The Dept. of Corrections Possessionary Control And Enforce- -ment Provisions of 11 Del. C. 3903 And 11 Del. C. 6520 thru 6540

4.) Proctor In under Imminent Danger of Death or Serious Injuries from The Contact of Convicted Murder Inmate Robert Ashley, Who has had This Assault Proctor on 2 Seprate Incidents Since 1-17-2002 And Who has A Court And Knowned Institutional 'No' Contact ord- -er based upon Proctor's Statements As A Witness Against Inmate Robert Ashley Who is Currently Hou- -sed In The Same unit And had Same Contact direct Contact in A Holding Cell Area until J. F. Seaford And Capt Clyde Segars Stopped It And Removed Proctor Who was being ordered To go To With Inmate Ashley on A Medical Trans- -fer were Inmate Ashley Would of Killed Proctor had This 'NOT' been Stopped by Proctor Who Refused To come out of his Cell To go

(3)

To a Medical Appointment and who had another inmate in the presence of CO M. Allen and spit into the face of I/m Proctor I/m's was charged and no Medical Test have been done to Determine if AIDS.; or Hep C which this inmate Jackie Brockman has. The Assuatt was a Direct Nexus of the Act's of inmate Ashley who has a Current Court order Held in the Inst. file Pursuant To 11 Del C. § 3903 and Clearly known Personal knowledge of Defendants.

5.) Proctor Currently has a No Contaj order from any Contaj of Employee Dale Vendrick an Employee of Dept. of Corr. and Subjeet of A 1998 Placement of Proctor by Then Warden R. Snyder into Admin. Seg. until Proctor made Bail in 1998.; in A Criminal Court order (See Attached Exhibit "B") Proctor has been Subjected to Numerous Incidents Retaliatory Nexus from other DCC Employee's who have Contaj with Proctor.

6.) Defendant S. Taylor has Respondeat Superior Common knowledge of the

(14)

The Incidents sent to him via. Inst. mail and Carl Danberg Esq. (Dep. Gen. Assistant) Reported letters to Proctor denying access to directly notify Comm. Taylor. Knowingly aware that his Position is Comm. of Corr. and responseable for all Inmates and Curt orders under his Care and Control in accordance within Statutory Authority he acts Thereinunder.

7.) Defendant(s) Deputy Warden E. Burris at all Times was aware of Imminent Danger Incidents against Proctor and directly against Incidents were Proctor Turned in a 10" Shank found in area(s) of direct access to Inmates Ashley and Thomas. And directly aware of a Incident were an Subordant C/o Kitchens Shived and gave a "Snitch" Note based on I/m Thomas. And who acted in a Retoliatory Nexus to an Illegal Write-up were he had a direct Witness and had Another Sgt. Maconni do a disciplinary Report Based on false or Misleeding Information given to him by I/m Thomas. And Subject of an Intecan

(5)

Investigation were Cp Kitchens Stood out-side Proctors Cell And Held-up A Note Saying

"Proctor You Snitch" Note here on Im Thomas/As having A SHANK In his Vent isnt going To Save Your ASS When I do my (3 three Shake-downs) A day Im To do Each Shift. So You want To Write Note(s) Saying Who I Can Talk To Well You've got 4 hrs To Get Rid of All Your Papers You've got of other Im's on This Teir Cause Im Taking Them . . . .

And at This Point . . . Cp Kitchens opened the Access Flap To Im Wayne Thomas And handed Im Thomas The 'Note' I gave To Sgt Little . . . . Im Thomas Sent This Note To All Other Inmates on The Teir Who Wrote To Proctor And Who have made direct Threats* Towards For being Pointed out By A Cp As A Snitch And had A Note With Your Hand-Writing Passed Around The

\* All Notes etc. Are Retained (6) By out-side Attorney Jeffrey K. Martin esq. And omitted As Exhibits herein.

by The Teierman Grebs Guilleriss Who is Also au-
onts, Teir And Made direct Threats of Death
upon Proctor.

8) Defendant Rebecca McBride is
The Custodial officer Who handles And Controls
Placement of "No Contact upon IIm's etc. Recei-
-ved into The DCC-Smyrna Inst. She Was directly
Notified by Sgt. Rizzolli And "Proctor Was Notified
via. Sgt. Conley That Rizzolli Pulled up Proctors
Name And There Were;

"No, No Contact Indices
Attached To Proctors
Name for "Anybody". . . . .

Thus, As A direct Nexus To DOC.-Policy
And (our) order(s) Recieved into The Inst. under
11 Del.C.3903 Delivery of Sentancing order To
Warden of Inst. Six. Defendants have Cause
Intury Knowingly outSide Their Qualified
Immunity Decisions under 11 Del.C.3901-

(7)

4010 Provisions.

## Statement of Claims

Defendants are aware of The aforesaid Claims and Contained in Records maintained or filed by Grazior have NOT Corrected, Abated, prevented, stopped or out-Right done any thing to even + document "Any" Ng Contact orders Conductive of Grazior Since The ILLegal transfer of Grazior from Inst. (Where 'None' Ng Contacts Were Housed or Worked at) on 1-17-2002 to Date Were Incidents of Assault Were Documented and on-going and Clearly violations of Mandated Court) orders) In violations of State Laws And Placement of Grazior In Imminent + danger exceptions to Contained in 10 Del C S 8801 Thru 8805 Graziors Certifications Are Attached hereto As EXHIBIT C and Asserts An Imminent Danger Exception IN Exhibits "D" And expresses That Personal Injury And violations of State Laws have Attached to These Proceedings Under Res Ispi, Jacei Documents held by State State Actors Who have Allowed daily Incidents Since

(8)

1-17-2002 Illegal Transfer from SCI. TO DCC-Smyrna.

## Statement of Issues

Proctors Placement from one Inst. to Another was Illegally done by the direct knowledge of the (see Aforesaid No Contacts knowned by Warden Rick Kearney on 1-17-2002; Since, 1-17-2002 Proctor has filed and been subject of Numerous Incidents were direct contact with Inmates) who have (Court orders Not to have No Contact with him and have assaulted Proctor both directly and indirectly without regard to harm inflicted and currently present upon Proctor Injury both Personal and Emotional Distress whereas the Common knowledge of No Contacts are NOT Documented to Prevents further on going Daily Incidents Relative to Imminent Danger where) a Substantial Risk of Serious harm has happened in Violation

(9)

* Proctor Says Claims that contained in his Inst. file Prior to his 1-17-02 Illegal Transfer, Rick Kearney was Directly (In Writing) NOT to the Placement of Proctor at DCC-Smy (i.die. Robert Snyder) And once Warden Snyder was Retired Warden Kearney Illegal Trans. Proctor w/out the knowledge of Aforesaid to Now Warden T. Carroll.

STATE Laws By BOTH STATE Actors And Inmates
Who have Violated 11 Del C §1312 ; 11 Del C ; 11 Del C §
1271 ; 11 Del C §3903*

## STATE Vested Rights Violated

Cupbled With The STATE Violations Contained
herein, under Proctor has a Clear Constitutional
Right To be Protected From Assault by other
Inmates FARMER V. BRENNAN 511 US. 825 (1994) Proctor
Was Illegally Placed in DCC: SHU. And Stripped
of BOTH STATE Laws And Federally Protected
Right of Virtually every Means of Self-Protection
And ..... Access To outside Aid .... The "STATE
of Nature" FARMER AT 511 US. AT 833 (Citing DeShaney V.
Winnebago County + Dept of Social Serius, 489 US. 189, 199-200
Defendants herein Are liable To Proctor
Under The Constitution For Inmate-on-Inmate Assault
If She or He had A Reasonable opportunity To pre-

( 10 )

---

*Also Violations of: A.) Bodily Fluids (Criminal Act B.) Inst.
Disorderly and Threating Behaviors of 1.06 /200.203 : 2.06/
200.108 Violations And omitted STATE Statutes NOT Access
To At Time of Complaint is filed But Imbedded Within
These Proceedings.

Vent it from Happening in the first place This 'factor' is imbedded in Court orders (provided To Institutions who are required to carry out The orders) received pursuant to 11 Del.C.§ 3903 et seq., Herein the factor of Harm has already Happened Thus, in order to have This Court for a TRO - To prevent other Incidents of Assault (Clearly not done by the Comm. of Corr's down to the records Clerk Rebeca McBride Thus, The foing Issues Present Injunctive Relief FARMER at p.845; Helling V. McKinney 509 U.S. 25, 33 (1993) As hereto Proctor has already Incurred "Substantial Injuries" and "Serious" Farmer at p.834 (Rhodes V. Chapman 452 U.S. at 347. As Stated in Proctor's Attached Affidavit* The risk has already Sustained and as in these Incident(s) of Non-Documentation(s) by State Actors The risk of a "Strong Likelihood" has already Happened. Beau v. Hughes 894 f. 2d 1533, 1537 (11th cir 1990) Thus, Eighth Amendment Act(s) has Imbedded Towards Proctor Since 1-7-2002 and Inadequate Monitoring by

(11)

* See Exhibit "D"

Defendants herein have Violated State, Federal, and Constitutional Right Accorded Proctor under the Constitution To The State's where The fourteenth Amendment Marsh V. Butler Co. 268 F.3d 1014, 1029 (11thCir. 2001)(En banc) Thus, The Substantial Risk of Serious harm To Which Proctor has been Subjected And failed To Respond Reasonably by State Actors As Evidenced by The Prison Oanad (See Exhibit E ) See e.s., Marsh V. Butler Co. 268 F.3d 1014, 1029 (11thCir 2001)(En banc) As Multiple Sources That have Put Defendants on Notice of dangerous Conditions At DCC-SmynA. And They Also knew of A Substantial Risk Aforesaid And have failed From The Very Fact(s) Aserted herein That The Risk was obvious. Farmer 511US. At 842. And Physical Injury, Mental Anguish And Emotional distress etc. See Carey V. Piphus 435US. 247 (1978) 42USC @ PPTE (E) And As herein Punitive Damages Against State Individual officials See City of Newport V. Fact Concrets, Inc., 453US. 247 (1981)

## Injunctive Relief

Proctor has Filed Grievance(s) Jetter To Comm.

(12)

of Cur(s) Deputy Warden etc. Thus Evidence
Will Support an order of Injunctive Relief T.R.O.
And Factual determinations of Current housing
at A Inst. That Proctor Should of Never Been
Transfered to And Incurred "Physical Injury"
under 42 U.S.C. 3 1997e(e) And Clearly As A direct
Nexus to defendants Cp Kitchens Claim Labeling
Proctor As A "Snitch" See Benefield v. McDowall
241 F.3d 1267, 1272 And As Previously Proctor
Held in Admin. Seg. By Warden R. Snyder As
direct Evidence See Hamiton v. Leavy 117 F.3d
742 746-48 (3rd Cir. 1997) Blizzard v. Quillen
579 F.Supp 1446, 1449-50 (D. Del. 1984) (Affirming
Judgement Against official At 'This' Very "Same"
Institution As being Labled As A "Snitch" Both Inmates
Herein have Violent Back-grounds And Inmate Ashley
Killed Another Itm (1st Time In 15yrs Past) Pretty v.
Gov. of Virgin Islands 839 F.2d 968, 978-79 (3d Cir.
1988) Herein Incident(s) have happened When Cell
doors Are opened by Guards And Cp Kitchens
Has Also Resorted to Using other Guards to
Further Retoletory Shakedown* Based On

---

* See Exhibit "E" As to Griev. Filed # 11281

(13)

Incidents With Inmate Thomas. Were def. cb Kitchens made over statement of "opening doors* to see what you can do "Disco" See Newman v. Holmes 122 f. 3d 650 (8th Cir 1997) And direct Threats by Inmate Thomas made in The Presence of St. Conley And All Inmates on Housing Unit. Puts Proctor in a known Direct Threat of Every day Incidents Death or Serious Injury An Element of Exemption As Contained in 10 Del. C 8801-8805 And 42 USC 1999; 28 USC 1915(g) Abdul-Akbar v. McKelvie 239 f. 3d 307, 313 (3ed Cir 2001) (En Banc) (See Affidavit of Proctor Attached hereto As Exhibit "D") Thus, Injunction Should Issue herein.

## DAMAGES

Proctor Aserts Special Damages Provisions herein under State Mandamus Statute And 42 USC 1983 Damages Asto Claims of Proctor hol

(14)

* There has been other Incidents of Cell doors opening in Shu. And Inmate's Assulted by other P/ms As a direct Nexus Thereof.

Injury And Joy And Emotional Distress in The Amount of $300,000 from each Defendant And (Punitive (Damages)) In The Amount of 2.5 Million As A Class-Action Bases Covering All Incidents of Assualt directly Related To The (Violations of No Contac) orders Not Adhered to By State Actors under 11Del.c.3903 And (Permit Injunction Agisnt Defendants (Preventing) any further Contac of (Phsical Nth (Prisons Known to have No, Contac) orders Toward: Imminent Danger That has been on-going Now Since 1-17-2002.

Dated: 2-24-05

Respectfully Submitted,

X _____ Jr.

Ronald E. Proctor Jr.
00163750 SHU 19D12
1181 Paddock Rd
Smyrna, De 19M-
96A

IN THE SUPERIOR COURT OF THE STATE OF DELAWARE
IN AND FOR KENT COUNTY

STATE OF DELAWARE

     VS.

RONALD E PROCTOR

Alias: See attached list of alias names.

DOB: 09/05/1958
SBI: 00163750

CASE NUMBER:         CRIMINAL ACTION NUMBER:
9802002447            PK98-02-0667I
9802001703            BURGLARY 3RD(F)
9802006513            LIO:BURGLARY 2ND
                       IK98-02-0522
                       RSP >$1000(F)
                       K98-02-0632I
                       POSS BURG TOOLS(F)

RECEIVED AND FILED
00 OCT 31 AM 9: 45
KENT COUNTY PROTHONOTARY

## SENTENCE ORDER

NOW THIS 26TH DAY OF OCTOBER, 2000, IT IS THE ORDER OF THE
COURT THAT:

Effective October 26, 2000 the defendant is sentenced as follows:

The defendant is adjudged guilty of the offense(s) charged.
The defendant is to pay the costs of prosecution and all
statutory surcharges.
The defendant is declared a habitual offender pursuant to
DE 114214000AFA
Restitution is to be determined by Pre-Sentence Office .


AS TO PK98-02-0667I : TIS

The defendant is placed in the custody of the Department
of Correction for 3 year(s) at supervision level 5


AS TO IK98-02-0522 : TIS

The defendant is placed in the custody of the Department
of Correction for 2 year(s) at supervision level 5


- Suspended for 2 year(s)  at supervision  level 3

Exhibit "Q"

AS TO K98-02-0632I : TIS

The defendant is placed in the custody of the Department of Correction for 2 year(s) at supervision level 5

- Suspended for 2 year(s) at supervision level 2

Probation is consecutive to criminal action number IK98020522

SPECIAL CONDITIONS BY ORDER

STATE OF DELAWARE
        VS.
RONALD E PROCTOR
DOB: 09/05/1958
SBI: 00163750

                              CASE NUMBER:
                               9802006513
                               9802001703
                               9802002447


Pay financial obligations during the probationary period.


Be assigned to the work referral program.


Have no contact with Scott Clark.


Have no contact with Dale Vendrick.   *Employee at T-3 DCC-Smy
                                       Since 1984.

Have no contact with Pam Forker.



                              NOTES
Pay full restitution for all charges.

                JUDGE HENRY DUPONT RIDGELY



30October  2000            3            08:00

FINANCIAL SUMMARY

STATE OF DELAWARE
    VS.
RONALD E PROCTOR
DOB: 09/05/1958
SBI: 00163750

CASE NUMBER:
  9802006513
  9802001703
  9802002447

SENTENCE CONTINUED:

TOTAL DRUG DIVERSION FEE ORDERED

TOTAL CIVIL PENALTY ORDERED

TOTAL DRUG REHAB. TREAT. ED. ORDERED

TOTAL EXTRADITION ORDERED

TOTAL FINE AMOUNT ORDERED

FORENSIC FINE ORDERED

RESTITUTION ORDERED        .00

SHERIFF, NCCO ORDERED

SHERIFF, KENT ORDERED    1620.00

SHERIFF, SUSSEX ORDERED

PUBLIC DEF, FEE ORDERED    150.00

PROSECUTION FEE ORDERED    240.00

VICTIM'S COM ORDERED

VIDEOPHONE FEE ORDERED    3.00

TOTAL    2,013.00

LIST OF ALIAS NAMES

STATE OF DELAWARE
        VS.
RONALD E PROCTOR
DOB: 09/05/1958
SBI: 00163750

                        CASE NUMBER:
                          9802006513
                          9802001703
                          9802002447


RONALD E PROCTOR
RONALD E PROCTOR
RONALD E PROCTOR

30October  2000                5              08:00

IN The Superior Court of The State of Delaware

IN And for New Castle County

Ronold E. Procter Jr
            Petitioner

  v.

Commis of Core
J. Taylor Et Al,

Civil Action No.

Ø Del C. 8801-8805
Certifications And
Imminent Danger
Exceptions

Comes Now Ronold E. Procter Jr Pro Se And
Certifies The following Issues Are Present In
These Proceedings And Imminent Danger Exception
Exists: As to Exhibit "A" Q.4 Hereto.

    1) The Claims Sought have Never been
Raised or disposed of Before In Any Court

    2) The facts Alleged Are True And Correct.

    3.) Affiant has Made A diligent And good
faith effort To determine Relevant Case Jaw Controls
The Legal Issues Raised.

    4.) Affiant Believes The Claims Are Not
foreclosed by Controlled Jaw:

    5.) Aff Understands That This is made
Under Perjury Penalty and He is NOW AT Time of filing
IN Imminent Danger.

Dated: 2-24-05  Exhibit "C"          X _____ Jr.
                                        Ronald E Procter

# IN THE SUPREME COURT OF THE STATE OF DELAWARE

RONALD E. PROCTOR,  §
§
Plaintiff Below-  § No. 291, 2001
Appellant,  §
§ Court Below—Superior Court
v.  § of the State of Delaware
§ in and for Sussex County
KEITH BUNTING, et al.,  § C.A. Nos. 01A-01-004;
§ 01A-04-001; and 01A-05-003
Defendants Below-  §
Appellees.  §

Submitted: April 3, 2002
Decided:  May 7, 2002

Before **WALSH**, **HOLLAND**, and **BERGER**, Justices.

Upon appeal from the Superior Court.  **AFFIRMED**.

Ronald Proctor, *pro se*.

Gregory E. Smith, Esquire, Department of Justice, Wilmington, Delaware for appellees.

**HOLLAND**, Justice:

Exhibit "A"

August 6, 2001.  Proctor was granted an extraordinary number of extensions of time in order to file his opening brief.

Proctor finally filed an opening brief on March 26, 2002.  Proctor's opening brief does not reflect a good faith effort at complying with the rules of this Court.  It also fails to raise and address the substantive merits of even one legal issue.  Instead, Proctor's opening brief states, "All arguments are omitted but review is demanded de novo."

It is well established that this Court will not review a legal issue on appeal unless it is fully and fairly presented in the opening brief.[2] Nevertheless, this Court generally affords self-represented litigants some latitude in complying with the formal requirements for filing documents. Proctor's failure even to attempt to raise a single articulable legal issue in his opening brief, however, can only be construed as a waiver of all claims on appeal.[3]

The record reflects that Proctor's appeal in this Court is frivolous and constitutes an abuse of the judicial process.  Accordingly, pursuant to 10 Del. C. § 8803(e), Proctor is enjoined from filing any future claims in this Court without first seeking leave of the Court.  In the event such leave is

---

[2] *Murphy v. State*, 632 A.2d 1150, 1152 (Del. 1993).

[3] *Murphy v. State*, 632 A.2d 1150, 1152 (Del. 1993).

accumulated good time as ordered by the court. To the extent the Department does not have jurisdiction to forfeit accumulated good time for a particular prisoner, the court shall forward the order to the appropriate agency who shall forfeit the prisoners accumulated good time as ordered by the court.[4]

Although we are taking no forfeiture action in this appeal, in the event that Proctor files another matter in this Court that is found to be factually or legally frivolous, this Court may order the Department of Correction to forfeit a portion of Proctor's accumulated good time credits.[5]

The judgments of the Superior Court are affirmed.

---

[4] Del. Code Ann. tit. 10, § 8805(a) (1999).

[5] *See* Del. Code Ann. tit. 10, § 8805 (1999).

State of Delaware  SS          Statement of:
County of New Castle  SS       Ronald E. Protate.
                               3-16-05

I do hereby Affirm under Penalty of
Perjury that:

1.) I have Been Assaulted by
The direct And Indirect Acts of Inmates
Robert Ashley And Wayne Thomas Since
1-17-2002 TO Date.

2.) As A direct Result Thereof
I have Incurred Presonal Injury And Psy.
And Emotional Distress As A direct Nexus.
of Inmates Ronald E. Protate. Are NOT TO have
Contact Per. Sentencing orders. And Should NOT
even be AT This Inst. As to employee Dale Vendrick.

3.) I have made These Allegations
TO All Defendants hereinunder And I have NOT
Been Protected by further daily Acts And Viola.t.
-ions of State Laws on A daily Bases.

I do hereby Affirm The
Above is True And Correct
Under Penalties of Perjury.

X _____ Jr.
Ronald E. Protate

X _____ Sr.
Ronald E. Protate

Exhibit "D"

## Exhibit "E"

Omitted due to
Paralegal Brion Engrem
DCC-SHU. Refused to
copy Newspaper Article
of New Journal P.A.1
of 2-9-05 Eve. Edition
Entitle:
"Panel Rips Prison's
Security"

DCC  Delaware Correctional Center
Smyrna Landing Road
SMYRNA DE, 19977
Phone No. 302-653-9261

Date: 02/09/2005

# GRIEVANCE REPORT

## OFFENDER GRIEVANCE INFORMATION

| | | |
|---|---|---|
| **Offender Name** : PROCTOR, RONALD E J | **SBI#** : 00163750 | **Institution** : DCC |
| **Grievance #** : 11281 | **Grievance Date** : 02/03/2005 | **Category** : Individual |
| **Status** : Unresolved | **Resolution Status** : | **Resol. Date** : |
| **Grievance Type:** Shakedown | **Incident Date** : 02/03/2005 | **Incident Time** : 14:20 |
| **IGC** : Merson, Lise M | **Housing Location** : Bldg 19, Upper, Tier D, Cell 2, Single | |

## OFFENDER GRIEVANCE DETAILS

**Description of Complaint:** Retaliatory shakedown after reported incident to E. Burris Deputy Warden!

See attached letter!  #054B

This is now an inninent danger incident and retalatory shakedown!

**Remedy Requested** : Investigate/refund all items not 537 (And est. retaliatory shakedown)

|  INDIVIDUALS INVOLVED | | |
|---|---|---|
| **Type** | **SBI #** | **Name** |
| Inmate | 00163750 | PROCTOR, RONALD E J |
| Staff | | Burris, Betty |

## ADDITIONAL GRIEVANCE INFORMATION

| | |
|---|---|
| **Medical Grievance** : NO | **Date Received by Medical Unit** : |
| **Investigation Sent** : | **Investigation Sent To** : Sagers, Clyde |
| **Grievance Amount** : | |

Sunday 2-20-05 cpl. S. Sykes Come And
Said: get up! Here sign This., I said why would
I sign This. Cause It wasnt A ped. S. Down

2-22-05 Sgt. Thomas I got A note for you from
Serocyl. Note Attached And Sent to E. Burris
w/4th Smr. 6 dien..
2 -

Exhibit "F"

2-5-05
2410(3A)

1.) C/O Jecates. made direct threats to me
2.) Lt. Salas 054(D) told Asst Colors order on U-1
3.) C/O Jecates + C/O Shane both stood at
my door, stared into cell intimidated me
snatched clothing out of door!
4.) a 2nd ener. Grev. to S. Bearis #054(C).

2-7-05  Spoke w/ Sgt. Conley.

2-8-05  Spoke w/ Staffcord Savage Jical!
        Sgt. said Rissolli found NO NO CONTACT. ON
                                        computer!

2-9-05  Rissolli on No CONTACTS. — via Dave Holme

2-10-05 out— 3 copies Bearis/ Rissolli/ Staffcord/

2-13-05 — update — on kitchen 2nd copy of
action.

# INFORMAL RESOLUTION

## OFFENDER GRIEVANCE INFORMATION

| | | |
|---|---|---|
| Offender Name : PROCTOR, RONALD E J | SBI#              :  00163750 | Institution    : DCC |
| Grievance #    : 11281 | Grievance Date  : 02/03/2005 | Category      : Individual |
| Status           : Unresolved | Resolution Status: | Inmate Status : |
| Grievance Type: Shakedown | Incident Date   : 02/03/2005 | Incident Time : 14:20 |
| IGC              : Merson, Lise M | Housing Location :Bldg 19, Upper, Tier D, Cell 2, Single | |

## INFORMAL RESOLUTION

Investigator Name   : Sagers, Clyde                    Date of Report  02/07/2005

Investigation Report :

Reason for Referring:


Investigator Name   : Seacord, Thomas J                Date of Report  02/08/2005

Investigation Report :

Reason for Referring: please resolve grievance


Offender's Signature:_____

Date                    :_____

Witness (Officer)    :_____

V.    Relief

(State briefly exactly what you want the court to do for you.  Make no legal arguments.
Cite no cases or statutes.)

Damages from Each Defendants listed in The Amount out-side State Immunity 40 Dei.C.§ 1000-100 In The Amount of $10,000.00 Each Defendant And 1.5 Million from The State of Delaware.

Signed this ___2___ day of ___10___, 20_05_

_____
(Signature of Plaintiff)

I declare under penalty of perjury that the foregoing is true and correct.

_____2-10-05_____                _____
Date                            ( Signature of Plaintiff)

Amended    _____8-24-05_____
Date

-4-