# EXHIBIT C

IN THE SUPERIOR COURT OF THE STATE OF DELAWARE
IN AND FOR NEW CASTLE COUNTY

| | |
|---|---|
| RONALD E. PROCTOR, Jr.<br><br>　　　　　　　Petitioner<br><br>v.<br><br>STANLEY TAYLOR, E. BURRIS,<br>J.T. SEACORD, SGT. JOHN DOE,<br>C/O KITCHEN,<br>REBECCAS MCBRIDE, and<br>M. JANE BRADY<br><br>　　　　　　　Respondents | C.A. No. 05M-04-019-CLS |

Date submitted: January 4, 2006
Date decided: January 18, 2006

## ORDER

Lisa Ann Barchi, Deputy Attorney General for the State of Delaware;

Ronald E. Proctor, Jr., Pro Se Defendant

Scott, J.

This 13th day of **JANUARY, 2006**, upon review of the foregoing Motion to Dismiss and the record in the case, it is the decision of the Court that the Motion is hereby **GRANTED**.

Petitioner filed *a pro se* Petition for a Writ of Mandamus on April 11, 2005 asking that this Court issue a Writ of Mandamus ordering Respondents to obey several no contact orders. Respondents, through the office of the Attorney General, filed a Motion to Dismiss on August 25, 2005 asserting failure to state a claim upon which relief can be granted. Petitioner did not respond to the Motion to Dismiss in a timely fashion.[1] The Motion to Dismiss is, therefore, deemed unopposed.

The Court must analyze Plaintiff's complaint to see if there is a viable cause of action. The test for sufficiency of a complaint challenged by a motion to dismiss under Superior Court Civil Rule 12(b)(6) is a general, broad test . . . "whether a plaintiff may recover under any reasonably conceivable set of circumstances susceptible of proof under the complaint."[2] When applying this test, all of the well pleaded allegations must be accepted

---

[1] Petitioner claims that his untimeliness is due to inadequate access to the law library at the Delaware Correctional Center between November 2, 2005 and November 16, 2005. *See* Pet'r Br., D.I. 21, at 1. *See also* Pet'r Br., D.I. 23, at 1. Inmates have an "affirmative right of access to legal reference materials or alternative sources of legal knowledge." *Johnson v. State*, 442 A.2d 1362, 1365 (Del. 1982). However, this claim is dubious and unsupported by the evidence. The log of Petitioner's law library usage demonstates that Mr. Proctor has had ample access library materials and supplies during this time period. *See* Rsp't Reply Br., D.I. 25, Ex. A.

[2] *Spence v. Funk*, 396 A.2d 967, 968 (Del. 1978).

as true by the Court.[3] It must be determined if Plaintiff alleged sufficient facts to recover under any reasonably conceivable set of circumstances susceptible to proof under the complaint.[4] The Court may exercise some degree of leniency with respect to *pro se* filings.[5] However, at a minimum, the pleading must be adequate so the Court may conduct a meaningful consideration of the merits of Plaintiff's claim. A Writ of Mandamus is a command that may be issued by the Superior Court to an inferior court, public official or agency to compel the performance of a duty to which the petitioner has established a clear legal right.[6] Disposition of a petition for a Writ of Mandamus on a motion to dismiss is appropriate where a petitioner has not established a clear legal right to the requested relief.[7]

Petitioner fails to state a claim upon which such a writ may be issued. The allegations contained in the complaint were vague and unsubstantiated. In addition, Petitioner has not cited a mandatory duty that Respondents must undertake. Rather, he seeks to compel the enforcement of discretionary tasks which he believes Respondents should perform. This is an improper use for mandamus. **IT IS SO ORDERED.**

Calvin L. Scott, Jr., J.

---

[3] *Id.*
[4] *Id.*
[5] *Alston v. DiPasquale*, 2002 Del. LEXIS 48 (Del. Supr.).
[6] *In re Bordley*, 545 A.2d 619, 620 (Del. 1988).
[7] *Clough v. State*, 686 A.2d 158, 159 (Del. Super. Ct. 1996).