# EXHIBIT O

Westlaw.

Not Reported in F.Supp.2d

Page 1

Not Reported in F.Supp.2d, 2005 WL 724175 (D.Del.)
**(Cite as: Not Reported in F.Supp.2d)**

Briefs and Other Related Documents
Waples v. Kearney,D.Del.,2005.Only the Westlaw
citation is currently available.
United States District Court,D. Delaware.
Bruce WAPLES, Plaintiff,
v.
Rick KEARNEY, Jane Brady, and T. Henley
Graves, Defendants.
**No. Civ. 03-722-GMS.**

March 29, 2005.

Bruce L. Waples, Pro Se, Georgetown, DE.

MEMORANDUM ORDER
SLEET, J.
*1 Bruce Waples ("Waples") is a *pro se* litigant
who is currently incarcerated at the Sussex
Correctional Institution ("SCI") located in
Georgetown, Delaware. His SBI number is 170369.
Waples has filed this action pursuant to 42 U.S.C. §
1983, and requested leave to proceed *in forma
pauperis* pursuant to 28 U.S.C. § 1915.

I. STANDARD OF REVIEW

The court has jurisdiction over this matter pursuant
to 28 U.S.C. § 1331. Reviewing complaints filed
pursuant to 28 U.S.C. § 1915 is a two-step process.
First, the court must determine whether Waples is
eligible for pauper status. On August 19, 2003, the
court granted Waples leave to proceed *in forma
pauperis*, determined that he had no assets with
which to pay the filing fee and ordered him to file
an authorization form within thirty days, or the case
would be dismissed. Waples filed the required
authorization form on August 29, 2003.

Once the pauper determination is made, the court
must then determine whether the action is frivolous,
malicious, fails to state a claim upon which relief

may be granted or seeks monetary relief from a
defendant immune from such relief pursuant to 28
U.S.C. §§ 1915(e)(2)(B)-1915A(b)(1).[FN1] If the
court finds that Waples' complaint falls under any of
the exclusions listed in the statutes, then the court
must dismiss the complaint.

> FN1. These two statutes work in
> conjunction. Section 1915(e)(2)(B)
> authorizes the court to dismiss an *in forma
> pauperis* complaint at any time, if the court
> finds the complaint is frivolous, malicious,
> fails to state a claim upon which relief may
> be granted or seeks monetary relief from a
> defendant immune from such relief.
> Section 1915A(a) requires the court to
> screen prisoner complaints seeking redress
> from governmental entities, officers or
> employees before docketing, if feasible
> and to dismiss those complaints falling
> under the categories listed in § 1915A(b)(1)

When reviewing complaints pursuant to 28 U.S.C. §
§ 1915(e)(2)(B)-1915A(b)(1), the court must apply
the standard of review set forth in Fed.R.Civ.P.
12(b)(6). *See Neal v. Pennsylvania Bd. of Prob. &
Parole,* No. 96-7923, 1997 WL 338838 (E.D.Pa.
June 19, 1997) (applying Rule 12(b)(6) standard as
appropriate standard for dismissing claims under §
1915A). Thus, the court must "accept as true factual
allegations in complaint and all reasonable
inferences that can be drawn therefrom." *Nami v.
Fauver,* 82 F.3d 63, 65 (3d Cir.1996) (citing *Holder
v. City of Allentown,* 987 F.2d 188, 194 (3d
Cir.1993)). *Pro se* complaints are held to "less
stringent standards than formal pleadings drafted by
lawyers" and can only be dismissed for failure to
state a claim when "it appears 'beyond doubt that
the plaintiff can prove no set of facts in support of
his claim which would entitle him to relief." '
*Haines v. Kerner,* 404 U.S. 519, 520-521, 92 S.Ct.
594, 30 L.Ed.2d 652 (1972) (quoting *Conley v.*

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d

Not Reported in F.Supp.2d, 2005 WL 724175 (D.Del.)
(Cite as: Not Reported in F.Supp.2d)

Page 2

*Gibson,* 355 U.S. 41, 45-46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)).

The United States Supreme Court has held that as used in § 1915(e)(2)(B), the term "frivolous" when applied to a complaint, "embraces not only the inarguable legal conclusion but also the fanciful factual allegation." *Neitzke v. Williams,* 490 U.S. 319, 325, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989). [FN2] Consequently, a claim is frivolous within the meaning of § 1915(e)(2)(B) if it "lacks an arguable basis either in law or in fact." *Id.* As currently presented, Waples' complaint has no arguable basis in law or in fact, and shall be dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B)-1915A(b)(1).

> FN2. *Neitzke* applied § 1915(d) prior to the enactment of the Prisoner Litigation Reform Act of 1995 (PLRA). Section 1915(e)(2)(B) is the re-designation of the former § 1915(d) under the PLRA. Therefore, cases addressing the meaning of frivolous under the prior section remain applicable. *See* § 804 of the PLRA, Pub.L. No. 14-134, 110 Stat. 1321 (April 26, 1996).

## II. DISCUSSION

### A. The Complaint and the Amendments

*2 Waples filed this complaint on July 16, 2003. (D.I.2) Waples names the following defendants: Rick Kearney ("Kearney"), Jane Brady ("Brady"), and T. Henley Graves ("Graves"). (*Id.* at 3) However, Waples does not raise any specific allegations regarding Kearney, Brady, or Graves. (*Id.*) Rather, Waples alleges as follows: "Unlawful imprisonment pursuant to case # 96-05-0082 [.] I Bruce Waples did 18 months on a charge that carrys [sic] one year." (*Id.*) Waples requests that the court award him "1.5 million for mental anguish." (*Id.* at 4)

On August 8, 2003, Waples filed a "Statement of Claim," which the court construes as an amended complaint pursuant to Fed.R.Civ.P. 15(a). (D.I.5)

Waples appears to be attempting to clarify his claims against each defendant. Specifically, he alleges that Graves sentenced him to one year at Level 5, "when I have already served approx. 6 months given credit for time serve [sic]." (*Id.*) Waples also alleges that Kearney "is the warden at SCI at which [sic] I was held." (*Id.*) Finally, Waples alleges that Brady is "the Chief law officer of a State ... responsible for advising the government on legal matters and representing it in litigation." (*Id.*)

On October 17, 2003, Waples filed a Motion for Summary Judgment. (D.I.8) Waples asserts that he is bringing the motion pursuant to Fed.R.Civ.P. 56. Because this is an *in forma pauperis* case subject to screening under 28 U.S.C. §§ 1915(e)(2)(B)-1915A(b)(1), the court has not yet directed the United States Marshal to serve the complaint. Clearly, the Defendants cannot answer a complaint which they have not received. Therefore, the case is not ripe for summary judgment, and the court shall deny the motion.

### C. Analysis

#### 1. Judicial Immunity

The United States Supreme Court has held that judges are absolutely immune from suits for monetary damages and such immunity cannot be overcome by allegations of bad faith or malice. *See Mireles v. Waco,* 502 U.S. 9, 11, 112 S.Ct. 286, 116 L.Ed.2d 9 (1991); *see also Gallas v. Supreme Court of Pennsylvania,* 211 F.3d 760, 768 (3d Cir.2000) (" The Supreme Court long has recognized that judges are immune from suit under § 1983 for monetary damages arising from their judicial acts."). In *Gallas,* the Third Circuit explained that in order to determine whether judicial immunity is applicable in a particular case, courts must engage in a two-part test. *Gallas v. Supreme Court of Pennsylvania,* 211 F.3d at 769. "First, a judge is not immune from liability for nonjudicial actions, i.e. actions not taken in the judge's judicial capacity. Second, a judge is not immune for action, though judicial in nature, taken in the complete absence of all jurisdiction." *Id.* (quoting *Mireles v. Waco,* 502

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d

Not Reported in F.Supp.2d, 2005 WL 724175 (D.Del.)
**(Cite as: Not Reported in F.Supp.2d)**

U.S. at 11-12).

The *Gallas* Court went on to explain that the factors used to determine whether an act is judicial "relate to the nature of the act itself, i.e. whether it is a function normally performed by a judge, and to the expectations of the parties, i.e. whether they dealt with the judge in his judicial capacity." *Id.* (quoting *Stump v. Sparkman*, 435 U.S. 349, 362, 98 S.Ct. 1099, 55 L.Ed.2d 331 (1978)). The second element of the test requires courts to distinguish between acts taken in the "clear absence of all jurisdiction," and acts taken in "excess of jurisdiction." *Gallas v. Supreme Court of Pennsylvania*, 211 F.3d at 769. Acts taken in the "clear absence of jurisdiction" do not enjoy the protection of absolute immunity, while acts taken merely in "excess of jurisdiction" do enjoy such protection. *Id.*

*3 In this case, Waples alleges that Graves violated his constitutional rights by sentencing him to confinement beyond the term prescribed by the Delaware statute. (D.I.5) As a Superior Court Judge, Graves was clearly acting in his "judicial capacity" when he sentenced Waples. Furthermore, Waples has not alleged that Graves acted "in the absence of all jurisdiction." To the contrary, Waples clearly alleges that "Graves was my sentencing Judge." (D.I.5) Consequently, Graves is immune from suit for monetary liability under 42 U.S.C. § 1983. Waples' claim against Graves lacks an arguable basis in law or in fact.

### 2. Waples' Claims Against Brady and Kearney

Waples alleges that as the "Chief law officer" of the State, Brady is "responsible for advising the government on legal matters and representing it in litigation." (D.I.5) Thus, Waples appears to be alleging that because of her position as the Attorney General, Brady is ultimately responsible for his alleged unlawful incarceration. Waples' claim against Brady must fail because it rests solely on a theory of vicarious or supervisory liability. Supervisory liability cannot be imposed under § 1983 on a respondeat superior theory. *See Monell v. Dep't. of Social Services of City of New York*, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978);

*Rizzo v. Goode*, 423 U.S. 362, 96 S.Ct. 598, 46 L.Ed.2d 561 (1976). In order for a supervisory public official to be held liable for a subordinate's constitutional tort, the official must either be the " moving force [behind] the constitutional violation" or exhibit "deliberate indifference to the plight of the person deprived." *Sample v. Diecks*, 885 F.2d 1099, 1118 (3d Cir.1989) (citing *City of Canton v. Harris*, 489 U.S. 378, 389, 109 S.Ct. 1197, 103 L.Ed.2d 412 (1989)). Waples does not raise any specific allegations regarding Brady. Rather, Waples argues that Brady is liable simply because of her supervisory position. (D.I. 5; D.I. 8)

Similarly, Waples' claim against Kearney must also fail. In *Sample*, the Third Circuit held that in order to establish § 1983 liability against a prison official for incarceration "without penological justification," a plaintiff must demonstrate the following elements: 1) that the prison official had knowledge of the prisoner's problem; 2) that the official either failed to act or took only ineffectual action, thus demonstrating deliberate indifference to the prisoner's plight; and, 3) that there is a causal connection between the official's response to the problem, and the unjustified detention. *Sample v. Diecks*, 885 F.2d at 1110. In this case, Waples states that he never filed a grievance, or in anyway brought his claim to the attention of prison officials at SCI before his release because, he alleges, he " did not know until after the fact." (D.I. 2 at 2) Clearly, this is not a case where prison officials were put on notice and then simply refused to investigate Waples' claim. *C.f. Alexander v. Perrill*, 916 F.2d 1392, 1398 (9th Cir.1998)(holding that warden and administrative systems manager had clearly established duty to investigate credible evidence regarding sentence miscalculation).

*4 Nothing in the complaint indicates that either Brady or Kearney were the "driving force [behind]," or that they were even aware of Waples' allegations and remained "deliberately indifferent" to his plight. *Sample v. Diecks*, 885 F.2d at 1118. Consequently, Waples' claims against Brady and Kearney have no arguable basis in law or in fact.

### 3. Waples' Request for Damages Based on "Mental

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d                                                    Page 4

Not Reported in F.Supp.2d, 2005 WL 724175 (D.Del.)
**(Cite as: Not Reported in F.Supp.2d)**

Anguish"

Waples does not claim that he suffered any physical injury during his alleged illegal confinement. Nonetheless, Waples requests "1.5 million dollars" compensatory damages for his "mental anguish." (D.I. 2 at 4) Section 1997e(e) of the PLRA, entitled "Limitation on Recovery," provides:
No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury.

The Third Circuit has held that "[u]nder § 1997e(e), ... in order to bring a claim for mental or emotional injury suffered while in custody, a prisoner must allege physical injury ..." *Allah v. Al-Hafeez,* 226 F.3d 247, 250 (3d Cir.2000). However, the *Allah* Court also construed the plaintiff's complaint as containing a claim for nominal damages and found that claims for nominal damages to vindicate a constitutional right are not barred under § 1997(e)e. *Id.* at 252. This case is distinguishable from *Allah,* however, in that the court finds that Waples' claims against the defendants have no arguable basis in law or in fact. As such, Waples cannot recover damages, nominal or otherwise, for his alleged "mental anguish." *c.f. Ostrander v. Horn,* 145 F.Supp.2d 614, 619 (M.D.Pa. May 11, 2001)(finding that plaintiff failed to sufficiently allege any violation of his constitutional rights and, therefore, was not entitled to either compensatory or nominal damages for his emotional distress).

III. CONCLUSION

For the above stated reasons, the court finds that Waples' claim against the defendants is frivolous within the meaning of 28 U.S.C. §§ 1915(e)(2)(B)-1915A(b)(1). Waples' claim for "mental anguish" shall be dismissed pursuant to 28 U.S.C. § 1997(e)e.

ORDER

NOW THEREFORE, this 29th day of March, 2005, IT IS HEREBY ORDERED that:

1. Waples's Motion for Summary Judgment (D.I.8) is DENIED.

2. Waples's claim against Graves is DISMISSED in accordance with the provisions of 28 U.S.C. §§ 1915(e)(2)(B)-1915A(b)(1).

3. Waples's claims against Brady and Kearney are DISMISSED in accordance with the provisions of 28 U.S.C. §§ 1915(e)(2)(B)-1915A(b)(1).

4. Waples's claim for "mental anguish" is DISMISSED in accordance with the provisions of 28 U.S.C. § 1997(e)e.

5. The Clerk of the Court shall cause a copy of this Memorandum and accompanying Order to be mailed to Waples.

D.Del.,2005.
Waples v. Kearney
Not Reported in F.Supp.2d, 2005 WL 724175 (D.Del.)

Briefs and Other Related Documents (Back to top)

• 1:03cv00722 (Docket) (Jul. 16, 2003)

END OF DOCUMENT

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.